(Reap. Dec. 8285)

SPRATTS PATENT AMERICA, LTD. *v.* UNITED STATES

Entry No. N–230.

(Decided January 28, 1954)

*Sharretts, Paley & Carter* (*Joseph F. Donohue* of counsel) for the plaintiff.

*Warren E. Burger,* Assistant Attorney General (*John J. Antus* and *Daniel I. Auster,* special attorneys), for the defendant.

LAWRENCE, Judge: The United States appraiser advanced the entered value of certain imported bird cages and stands, and plaintiff has begun this cause of action by filing an appeal for a reappraisement by this court pursuant to the provisions of section 501 of the Tariff Act of 1930 (19 U. S. C. § 1501).

It is not disputed that the merchandise was, and should be, appraised upon the basis of cost of production, as defined in section

402 (f) of said act (19 U. S. C. § 1402 (f)). However, plaintiff contends that the actual cost of production, as defined by the statute, is less than that returned by the appraiser.

At the trial, it was stipulated that "such" stands and bird cages were not freely offered for sale within the definitions of statutory foreign, export, or United States value, and since it was not agreed that "similar" articles were not sold in a manner that would meet the statutory requirements for foreign, export, or United States value, evidence was introduced on behalf of plaintiff out of an abundance of caution to establish those facts.

It may be noted, in passing, that in a case like this where merchandise was appraised upon the basis of statutory cost of production and the parties are agreed that such is the proper basis for appraising the merchandise, it should be taken for granted that all the various elements of appraisement have been conceded in substance except that concerning the *per se* statutory cost of production at which the merchandise should be appraised. *United States* v. *Fritzsche Bros.*, 35 C. C. P. A. (Customs) 60, C. A. D. 371. Satisfactory and uncontradicted evidence upon that phase of the case was presented.

At the trial, the only testimony which was introduced was that proffered by plaintiff through two witnesses, Philip E. Haycraft and Alexander P. Ramsay. Plaintiff also offered in evidence various documents which were received as exhibits 1 to 13, inclusive.

Haycraft testified that he had for upward of 4 years been general manager and a director of the Hygienic Wire Works, Ltd., of England—manufacturer of the imported merchandise—and that he had been associated with the company for 18 years; that he was familiar with the manufacturing processes of his company and, until his appointment as general manager, was in charge of all production departments.

Ramsay testified that since 1945 he has been general manager and vice president of Spratts Patent America, Ltd., the plaintiff-importer herein; that he had been associated in various other capacities with that company since 1930; that his company manufactures "a complete range of foods and supplies for pets of all descriptions, dogs, cats, cage birds, aquarium fish. We also sell appliances such as leads, collars, comb, et cetera" and that his company was the exclusive distributor of cages for the Hygienic Wire Works, Ltd., in this country.

Haycraft displayed a very intelligent, lucid, and intimate knowledge of the subject matter. Without analyzing in detail his unrefuted and uncontradicted testimony and the exhibits produced containing a breakdown of the cost of production of each imported article, as required by the statute—section 402 (f), *supra*—I have no difficulty in finding and holding that the record clearly establishes the cost of production as required by the statute and as claimed by plaintiff.

As noted earlier in this opinion, defendant introduced no evidence, and, subsequent to the submission of plaintiff's brief, filed a statement with the papers stating—"upon consideration of the record made and the brief filed by counsel for the plaintiff, this office does not desire to file a brief on behalf of the United States in the above entitled case."

Based upon the unrebutted facts disclosed by the record, I find as facts:

1. The bird cages and stands in controversy are not freely offered for sale in England, the country of manufacture, for domestic consumption therein.

2. Said bird cages and stands are not freely offered for sale for exportation to the United States but are sold to an exclusive distributor.

3. There is no similar merchandise manufactured in Great Britain either for sale in the home markets or for exportation to the United States.

4. Such or similar merchandise is not freely offered for sale in the United States but is sold here by the exclusive distributor to other selected jobbers or to a limited number of retail establishments.

5. The evidence establishes that the statutory cost of production of the subject merchandise is equal to the invoice price, less discounts of 2 per centum and 2½ per centum.

I conclude as matter of law:

1. That the appraiser properly selected the statutory cost of production as the basis of appraisement.

2. That the cost of production, as that term is defined in section 402 (f), *supra*, is equal to the invoice price less discounts as set forth in finding of fact No. 5.

Judgment will be entered accordingly.